**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID C. HOCKADAY

                Plaintiff,

v.

           CASE NO. 02-70408
           HON. LAWRENCE P. ZATKOFF

CITY OF DEARBORN, DOYNE E.
JACKSON, AMOCO BEYDOUN
SERVICE CENTER,

                Defendants.
_____/

## **OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on August 2, 2005

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
CHIEF UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Lift Stay of Proceedings, filed May 12, 2005, and Defendant's Motion for Mediation Sanctions, filed October 14, 2003. Plaintiff responded. The Court finds that the parties have adequately set forth the relevant law and facts, and that oral argument would not aid in the disposition of the instant motions. *See* E.D. MICH. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the motions be decided on the briefs submitted. For the reasons set forth below, Defendant's motions are GRANTED.

## II. BACKGROUND

On October 14, 2003, Defendant Doyne E. Jackson filed the present motion requesting sanctions under MICH. CT. R. 2.403(O)(1) for Plaintiff David Hockaday's rejection of a case evaluation award. The facts of this case are fully set forth in this Court's September 16, 2003, Opinion and Order granting Defendant Jackson's motion for summary judgment. Nevertheless, the Court will provide a brief summary of the facts.

In early February 1999, Plaintiff, a quadriplegic, experienced mechanical difficulties with his 1989 Ford Econoline van, which was specially equipped to accommodate his handicap. Plaintiff called a nearby auto service station, Defendant Beydoun Amoco Service Center, (hereinafter "Beydoun"), and requested that his van be towed to Beydoun's service station for an inspection and repair. Approximately one month later, an employee of Beydoun called Defendant City of Dearborn's, (hereinafter "City's"), police department to complain about a number of abandoned vehicles on Beydoun's property, including Plaintiff's 1989 Ford Econoline Van. The police impounded the van under the Michigan Abandoned Vehicle Statute and sold the van at a public auction without affording Plaintiff a hearing to contest the impoundment of his van. Plaintiff alleges that he requested a hearing before the 19th District Court, but that a hearing was never scheduled. On February 1, 2002, Plaintiff filed a Complaint against Beydoun, the City, and Doyne E. Jackson, administrator of the 19th District Court, alleging violations of 42 U.S.C. § 1983.

On June 13, 2002, the parties entered into a stipulated request for case evaluation. The stipulation provided that the parties agreed to be bound by the provisions of MICH. CT. R. 2.403, "including the sanctions relating to costs and attorney fees . . . ." Defendant Jackson's Motion for Sanctions, at Ex. B. A case evaluation hearing was held on March 3, 2003, resulting in an

evaluation awarding $1,000.00 to Plaintiff against Defendant Jackson.[1] Defendant Jackson accepted the award, but Plaintiff rejected it. Thereafter, on September 16, 2003, the Court granted Defendant Jackson summary judgment. Because Plaintiff rejected the case evaluation award, Defendant Jackson sought $3,051.75 in case evaluation sanctions under MICH. CT. R. 2.403(O)(1).

Plaintiff filed a notice of appeal on October 17, 2003. In light of the pending appeal, this Court declined to address Defendant Jackson's Motion for Mediation Sanctions and instead issued an Order Staying Proceedings on January 12, 2004. On March 24, 2005, the Sixth Circuit affirmed this Court's grant of summary judgment to Defendant Jackson. On May 12, 2005, Defendant Jackson filed the present motion requesting that the stay be lifted and that his motion for mediation sanctions be granted. Plaintiff responded only after the Court ordered Plaintiff to show cause why Defendant's motions should not be granted. Plaintiff argues that the Court should apply the "interest of justice" exception set forth in MICH. CT. R. 2.403(O)(11). Plaintiff does not object to lifting the stay in this matter. Therefore, Defendant's Motion to Lift Stay of Proceedings will be GRANTED. The Court will address Defendant's motion for sanctions below.

### III. LEGAL STANDARD

Under MICH. CT. R. 2.403, "[i]f a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation." MICH. CT. R. 2.403(O)(1). "Verdict" is defined to include "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MICH. CT. R. 2.403(O)(2)(c). In addition, the "actual costs" for which the rejecting party is liable

---

[1] The evaluation also awarded $2,000.00 to Plaintiff against Defendant City and $1,000.00 to Plaintiff against Defendant Beydoun. These Defendants, however, are not seeking case evaluation sanctions.

are "those costs taxable in any civil action" and a "reasonable attorney fee."  MICH. CT. R. 2.403(O)(6).  Defendant Jackson argues that he is entitled to case evaluation sanctions because Plaintiff rejected the $1,000.00 case evaluation award and the Court's verdict of dismissal is clearly less favorable than the award.

## IV.  ANALYSIS

Although Plaintiff agreed to be bound by the State of Michigan's case evaluation system, including its provisions relating to sanctions, he now seeks to avoid sanctions.  Plaintiff claims that the Court should apply the "interest of justice" exception to the otherwise mandatory award of sanctions under the mediation scheme.  *See e.g.* MICH. CT. R. 2.403(O)(11) (providing for an "interest of justice" exception where a verdict is entered as a result of ruling on a motion).  Plaintiff maintains that the interest of justice requires that the Court deny Defendant's motion for sanctions because (1) the City of Dearborn would be unjustly enriched if it were awarded sanctions because it received $1,600.00 from the sale of Plaintiff's van at auction, which it never forwarded to Plaintiff; (2) the City of Dearborn should not be rewarded for violating the law in taking Plaintiff's van; and (3) "the impact of discouraging citizens, including persons with disabilities, from seeking remedies through the courts is contrary to sound public policy."

The "interest of justice" exception applies where "unusual circumstances exist."  *Haliw v. City of Sterling Heights*, ___ N.W.2d ___, 2005 WL 1183153, * 3 (Mich. Ct. App., May 19, 2005) (quoting *Haliw v. City of Sterling Heights*, 669 N.W.2d 563 (Mich. Ct. App. 2003)).  Unusual circumstances may occur where a legal issue of first impression is presented or "where the law is unsettled and substantial damages are at issue, where a party is indigent and an issue merits decision by a trier of fact, or where the effect on third persons may be significant."  *Haliw*, 2005 WL

1183153, at * 2. Gamesmanship is another factor that may be weighed in determining sanctions. *See id.* Factors that do not warrant the imposition of sanctions include a disparity in economic status, a "reasonable" refusal to settle, or an assertion that the rejecting party's claims were not frivolous. *See id.* With these observations in mind, the Court finds Plaintiff's arguments unpersuasive.

Although it is certainly unfortunate that Plaintiff lost his van, which apparently had a cracked block at the time it was impounded, *see* Hockaday Dep., at 85, it should be remembered that the party seeking mediation sanctions is not the City of Dearborn.[2] Rather, it is Defendant Doyne Jackson, the administrator for the 19th District Court. Thus, Plaintiff rejected a $1,000.00 mediation award against a government official with qualified immunity. Plaintiff had no evidence that Defendant Jackson was even remotely involved with the failure to provide him with a hearing before the police department auctioned off his van. *See Hockaday v. City of Dearborn*, No. 02-70408, at *9 (E.D. Mich. 2003). Furthermore, even if Defendant Jackson was involved with the failure to grant Plaintiff a hearing, Plaintiff never even articulated how Defendant Jackson could have violated a "clearly established" federal law, which is the first step in the qualified immunity analysis. Indeed, Plaintiff's claim against Defendant Jackson was so lacking in merit that it did not even require discussion by the Sixth Circuit Court of Appeals. *See Hockaday v. City of Dearborn*, No. 03-2400, 124 Fed. Appx. 428 (6th Cir. Mar. 24, 2005) (determining that "no jurisprudential purpose would be served by a panel opinion"). Plaintiff should have been on notice that a claim against a government official without any evidence of wrongdoing by that official would be dismissed. *See*

---

[2] Plaintiff did not appeal the grant of summary judgment to Defendants City of Dearborn and Amoco Beydoun Service Center.

*Haliw*, 2005 WL 1183253, at * 3 ("Given the development of the law in the area of premises liability, plaintiffs should have been aware that any ruling in their favor had the potential to be reversed on appeal. They were required to make their litigation decisions with that knowledge.").

Additionally, the Court finds particularly meritless Plaintiff's assertion that the award of mediation sanctions to Defendant Jackson would violate public policy. If anything, the award of sanctions to Defendant Jackson might discourage the pursuit of claims against government officials with qualified immunity where there is no evidence of wrongdoing, which would further both public policy and the concept of mediation sanctions in general. *See Haliw*, 2005 WL 1183153, at *3 ("The fact that sanctions may have a chilling effect on future litigation is not an unusual circumstance. Indeed, an award of costs is intended to have some chilling effect in order to encourage settlement and to deter protracted litigation."). Accordingly, the Court finds that Defendant Jackson is entitled to mediation sanctions.

Although actual costs include both reasonable attorney fees and litigation costs, Defendant Jackson only seeks to recover attorney fees. He seeks $3,051.75 in attorney fees based on 15.65 hours billed at $195.00 per hour. Plaintiff has not objected to the time billed or the hourly rate of Defendant Jackson's attorney. Nevertheless, the following factors are used to determine the reasonableness of an attorney fee award:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal

>services;
>
>(4) the amount involved and the results obtained;
>
>(5) the time limitations imposed by the client or by the circumstances;
>
>(6) the nature and length of the professional relationship with the client;
>
>(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
>(8) whether the fee is fixed or contingent.

Michigan Rule of Professional Conduct 1.5; *See also RCO Eng'g, Inc. v. ACR Indust., Inc.*, 597 N.W.2d 534, 544 (Mich. Ct. App. 1999) *vacated in part on other grounds*, 618 N.W.2d 769 (Mich. 2000) (applying Rule 1.5 to the case evaluation sanction rule). After reviewing the factors set forth above, the Court finds that Defendant's requested fees are reasonable. Accordingly, Defendant Jackson shall be awarded $3,051.75 in attorney fees.

## V. CONCLUSION

For the reasons set forth above, Defendant Jackson's Motion to Lift Stay of Proceedings [dkt. # 50] is hereby GRANTED. Defendant Jackson's Motion for Mediation Sanctions is also hereby GRANTED. The Court HEREBY ORDERS Plaintiff to pay $3,051.75 in reasonably incurred attorney fees.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2005

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2005.

              s/Marie E. Verlinde

              Case Manager

              (810) 984-3290